IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DANIEL ELLISTON | § | |
| v. | § | CIVIL ACTION NO. 6:22cv454 |
| SHERIFF, HENDERSON COUNTY | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Daniel Ellison filed this application for the writ of habeas corpus complaining of proceedings taken against him in the county court of Henderson County, Texas. The petition was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Petitioner's Claims**

Petitioner says that the proceedings were civil, involving a 10-year protective order with a one-mile parameter. However, the case number he gives, 2022-0122-CCL, appears on the Henderson County judicial records website as a misdemeanor prosecution for violation of a bond or protective order. The records of this case show that Petitioner pleaded nolo contendere to violation of a bond or protective order on March 24, 2022, receiving a sentence of 46 days in jail, with 46 days of credit for time served. He acknowledges in his petition and the Henderson County judicial records confirm that Petitioner did not take an appeal of his conviction, nor has he sought state habeas corpus relief with regard to the misdemeanor conviction or his current confinement. Petitioner is currently in the Henderson County Jail; the county judicial records show that he was booked into jail on October 19, 2022, and that he is charged with violation of a bond or protective

order two or more times within the past 12 months. *See* https://portal-txhenderson.tylertech.cloud/PublicAccess/default.aspx.

Petitioner complains that an individual named Donna Mayhall did not notify him that there was a protective order but the county prosecuted him anyway. An individual named Lindsey Taylor contacted him on Messenger and called him a "snake" in order to get him to reply and thereby violate the protective order. He also complains that he was falsely accused of threatening his children. Petitioner states that he lives in Gun Barrel City and a one-mile parameter for a protective order is unjust because the town is so small. The on-line records of the Texas Court of Criminal Appeals confirm that Petitioner has not filed any challenges in that court to his conviction in cause no. 2022-0122CCL or his current confinement. *See* https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c.

## II. Legal Standards and Analysis

28 U.S.C. §2254(b)(1)(A) requires that federal habeas petitioners fully exhaust available state court remedies before proceeding in federal court. *Morris v. Dretke*, 413 F.3d 484, 490 (5th Cir. 2005). This requirement is not jurisdictional but reflects the policy of federal-state comity, which is designed to give state courts the initial opportunity to consider and correct violations of their prisoners' federal rights. *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003); *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006). The purpose of exhaustion "is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Ruiz v. Quarterman*, 460 F.3d 638, 642-643 (5th Cir. 2006).

The exhaustion requirement is satisfied when the substance of the federal claim has been fairly presented to the highest state court. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). This may be done through direct appeal or in state habeas proceedings. *Morris*, 413 F.3d at 491, *citing Orman v. Cain*, 228 F.3d 616, 620 (5th Cir. 2000).

This means that a federal court claim must be the substantial equivalent of one presented to the state courts. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). A federal habeas petitioner has failed to exhaust his state remedies when he relies on a different legal theory than he did in state court or when he makes the same legal claim to a federal court but supports the claim with factual allegations he did not make to the state court. *Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988). The requirement of exhaustion of available state remedies also applies to pre-trial habeas corpus petitions where the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *Dickerson v. State of Louisiana*, 816 F.2d 220, 223 (5th Cir. 1987).

Exceptions to the exhaustion requirement exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). A reviewing court may raise a petitioner's failure to exhaust *sua sponte. Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

In order to exhaust state remedies in Texas, a petitioner must present his claims to the highest state court, which in Texas is the Court of Criminal Appeals, and "fairly apprise" that court of the federal rights which were allegedly violated. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). State remedies are ordinarily not considered exhausted as long as the petitioner may effectively present his claims to the state courts by any currently available and adequate means. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). In the pre-conviction context, a Texas prisoner confined prior to conviction may seek habeas corpus relief under Article 11 of the Texas Code of Criminal Procedure. *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981)).

Petitioner acknowledges and online judicial records confirm that he has not filed a direct appeal nor sought state habeas corpus relief concerning the claims raised in his petition. Nor has Petitioner shown an absence of available State corrective processes or circumstances rendering such

processes ineffective to protect his rights. *See Graham v. Johnson*, 94 F.3d 958, 969 (5th Cir. 1996), citing *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981). Because Petitioner has not presented any of his claims to the highest court for the State of Texas, his federal habeas corpus petition should be dismissed without prejudice for failure to exhaust state remedies.

### III. Conclusion

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

The prerequisite for a certificate of appealability is a substantial showing that the petitioner has been denied a federal right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). To do this, the petitioner must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *James v. Cain*, 50 F.3d 1327, 1330 (5th Cir. 1995).

The Supreme Court has stated that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

In this case, reasonable jurists would not find it debatable whether the district court was correct in its procedural ruling that Petitioner failed to exhaust his state remedies. For this reason, Petitioner is not entitled to a certificate of appealability.

RECOMMENDATION

It is accordingly recommended that the Petitioner's application for the writ of habeas corpus be dismissed without prejudice for failure to exhaust state remedies. 28 U.S.C. §2254(b). It is further recommended that a certificate of appealability be denied *sua sponte*, with such denial relating only to an appeal of this case and having no effect upon Petitioner's right to challenge any conviction or current confinement in state court through any lawful means, nor upon his right to again seek federal habeas corpus relief in the event that the state courts do not grant the relief he seeks.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 15th day of December, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE